IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN VILLARREAL | § | |
|     TDCJ-CID NO. 1561205 | § | |
| v. | § | C.A. NO. C-13-005 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Mark W. Stiles Unit in Beaumont, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. (D.E. 1). Respondent has filed an amended motion for summary judgment. (D.E. 10). Petitioner has not submitted a response in opposition.[1] For the reasons stated herein, it is respectfully recommended that Respondent's motion be granted.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted in Nueces County, Texas. (D.E. 1). Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

### II. BACKGROUND

On March 6, 2009, Petitioner was convicted in the 319th Judicial District Court of Nueces County, Texas of twelve counts of aggravated sexual assault and two counts of indecency with a child. (D.E. 1, at 2). He was sentenced to serve two ten-year terms of

---

[1] Petitioner did, however, file a response to Respondent's answer, which was considered within this memorandum.

imprisonment and twelve life sentences.  Id.; Villarreal v. State, 13-09-00187-CR, 2010 WL 2011523, at *1 (Tex. App. May 20, 2010) (unpublished).  He appealed his conviction to the Thirteenth District Court of Appeals.  (D.E. 1, at 3).  On May 20, 2010, that court issued an opinion affirming Petitioner's conviction and sentence.  Villarreal, 2010 WL 2011523, at *4.  Petitioner did not file a petition for discretionary review.  (D.E. 1, at 3).

Petitioner filed a state habeas application with the Texas Court of Criminal Appeals on March 13, 2012.  Id. at 4.  On October 31, 2012, the Court of Criminal Appeals dismissed his habeas application without written order based on the findings of the trial court, which were made without a hearing.  Id. at 4.  On December 31, 2012, Petitioner filed this habeas petition.  Id. at 10.  Respondent filed an amended motion for summary judgment on February 21, 2013.  (D.E. 10).

### III.  DISCUSSION

Respondent seeks summary judgment on the basis that Petitioner's habeas petition is time-barred.

**A.     Petitioner's Habeas Petition Is Not Timely Filed Pursuant to AEDPA.**

Regarding the deadline for filing an application for a writ of habeas corpus, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that the one-year limitations period runs from the latest of four alternative dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks state post-conviction writ review:

>The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

There are two separate and alternative ways a conviction can become "final" within the meaning of § 2244(d)(1)(A). In Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003), the Fifth Circuit held that "[i]f the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" Id. at 694 (citing 28 U.S.C. § 2244(d)(1)(A)). As the Fifth Circuit explained, both federal and state court filing deadlines determine when the conclusion of direct review occurs and the conviction becomes final:

>[The time period for seeking direct review] includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeals process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

Id.; see also Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009) ("[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state

3

courts,' and to this Court, has been exhausted.  Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'") (citations omitted).  Therefore, the petitioner's choice of actions during the appeals process determines when AEDPA's one-year limitations period is triggered.

Here, § 2244(d)(1)(A) is the only pertinent limitation.  Petitioner has not advanced any argument for why or how any recent Supreme Court decisions acknowledged rights that he now claims, and, therefore, § 2244(d)(1)(C) does not apply.  Furthermore, he does not contend that the state created an impediment to filing his petition as required by § 2244(d)(1)(B).  Finally, § 2244(d)(1)(D) does not render Petitioner's claim timely because he does not base his petition on any new facts that he recently discovered.

The record indicates that Petitioner's federal habeas petition is untimely pursuant to § 2244(d)(1)(A) because he waited over a year before filing.  His conviction became final on June 21, 2010, when the deadline for filing a petition for discretionary review in the Texas Court of Criminal Appeals expired.  Tex. R. App. P. 68.2(a) (A petition for discretionary review "must be filed within 30 days after [] the day the court of appeals' judgment was rendered"); see also Roberts, 319 F.3d at 692 (explaining that if a petitioner does not file a petition for discretionary review after direct appeal, the state conviction becomes final for the purposes of AEDPA limitations within thirty days pursuant to Texas Rule of Appellate Procedure 68.2, and noting that under those circumstances review by the Supreme Court is foreclosed).  The statute of limitations began running at that time, making Petitioner's federal habeas petition due one year later, on June 21, 2011.  The statute was never tolled during this time because he did not file his state habeas petition until after the one-year period had expired.  See Scott v. Johnson, 227 F.3d

260, 263 (5th Cir. 2000) (state habeas petition filed after the expiration of limitations period has no tolling effect). Accordingly, because Petitioner did not file this habeas petition until December 31, 2012, it is respectfully recommended that it is untimely pursuant to § 2244(d)(1)(A).

In addition, Petitioner's claim is not saved by equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (quoting Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)); see also United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008) (per curiam) (holding AEDPA's limitations are not jurisdictional and therefore, equitable tolling is permissible). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling because he did not pursue his rights diligently and because he has not shown any extraordinary circumstances that otherwise prevented his timely filing.

Accordingly, because Petitioner's habeas petition is barred by the one-year statute of limitations pursuant to AEDPA and he is not entitled to equitable tolling, it is respectfully recommended that his petition be dismissed.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless

addresses whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor

find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's amended motion for summary judgment, (D.E. 10), be granted, and that Petitioner's petition, (D.E. 1), be dismissed.  Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 25th day of March 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).