UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN VILLARREAL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00005 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 8, 10). On March 25, 2013, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 12), recommending that Respondent's Motion be granted and that Petitioner's Petition for Writ of *Habeas Corpus* be dismissed as time-barred. Petitioner filed his Objections (D.E. 13) on April 8, 2013.

Procedurally, Petitioner seeks to correct the record in that he did respond to the Motion for Summary Judgment by including his responsive arguments with "Petitioner's Response to Respondent's Answer" (D.E. 11). The Court now acknowledges his Response and he is not prejudiced by the Magistrate Judge's failure to incorporate it.

As to the merits, Petitioner's first objection complains that the Magistrate Judge relied exclusively on 28 U.S.C. § 2244(d)(1) and did not take into account tolling during the pendency of his state *habeas corpus* proceeding pursuant to 28 U.S.C. § 2244(d)(2).

He details how his state *habeas corpus* proceeding was properly and timely filed pursuant to the state rules and was given full force and effect in the state court.

Petitioner's argument fails to take into consideration that a state *habeas corpus* proceeding may be properly filed pursuant to state rules, but be incapable of extending the federal deadline because it is filed after the federal deadline has already passed. A state *habeas corpus* proceeding filed after the federal deadline has already passed does not extend the federal deadline pursuant to § 2244(d)(2). This is settled law and the Magistrate Judge included it in his Memorandum and Recommendation. D.E. 12, pp. 4-5 (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

It is undisputed that Petitioner's conviction became final on June 21, 2010. He had one year, until June 21, 2011, to file this action. 28 U.S.C. § 2244(d)(1). He did not file his state *habeas corpus* petition until March 13, 2012. By then, the state proceeding was too late to provide any tolling under § 2244(d)(2). Petitioner's first objection is **OVERRULED**.

In his second objection, Petitioner claims that the time bar is not a statute of limitations but a doctrine of laches and that his petition should not be dismissed because the Government has not demonstrated prejudice, citing 28 U.S.C. § 2254 and HABEAS CORPUS RULE 9(a). The law upon which Petitioner relies was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996. The time for filing a federal *habeas corpus* proceeding is now defined by § 2244(d) and not by § 2254 or the "Rule 9(a)" cited by Petitioner, which was eliminated effective December 1, 2004. *See* HABEAS CORPUS RULE 3(c). Petitioner's reliance on *Gratzer v.*

*Mahoney*, 397 F.3d 686, 689 (9th Cir. 2005) and *Dumas v. Kelly*, 418 F.3d 164, 167 (2nd Cir. 2005) is misplaced because those cases involved application of pre-AEDPA law because the events at issue in those cases took place prior to the effective date of the AEDPA changes. Petitioner's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 8, 10) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE** as time-barred.

ORDERED this 22nd day of April, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE