UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN VILLARREAL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-5 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PETITIONER'S RULE 60(b) MOTION
<u>FOR RELIEF FROM JUDGMENT</u>**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a state prisoner in the custody of the Texas Department of Criminal Justice. Pending is Petitioner's Motion for Relief From Judgment of the Court's April 22, 2013, Order Granting Respondent's Motion for Summary Judgment and the Final Judgment dismissing this action. (D.E. 25). For the reasons stated below, it is respectfully recommended that the motion be DENIED.

**I.    BACKGROUND**

Petitioner is a state prisoner currently incarcerated at the Mark W. Stiles Unit in Beaumont, Texas. On March 6, 2009, Petitioner was convicted in the 319th Judicial District Court of Nueces County, Texas of twelve counts of aggravated sexual assault and two counts of indecency with a child. (D.E. 1, at 2). He was sentenced to two ten-year terms of imprisonment and twelve life sentences. Petitioner filed this habeas corpus

petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction. Respondent's Motion for Summary Judgment was granted on April 22, 2013, finding that Petitioner's claims were time-barred and further adopting the Magistrate Judge's recommendation to deny Petitioner's request for a certificate of appealability. (D.E. 14). Petitioner appealed this decision to the U.S. Court of Appeals for the Fifth Circuit on May 7, 2013, and on October 31, 2013, Petitioner's request for a certificate of appealability was denied and his appeal dismissed. (D.E. 24). Petitioner then filed the pending Motion for Relief From Judgment on January 8, 2014. (D.E. 25).

## II.  MOTION FOR RELIEF FROM JUDGMENT

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Petitioner did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relive a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts*

*v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)(citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

## III.   ANALYSIS

In his motion for reconsideration, Petitioner does not contend that a new trial is warranted under any of the Rule 60(b) provisions (1) through (5). Petitioner does not argue that his federal habeas application was, in fact, timely filed, or present any evidence that it was. Therefore, he brings his challenge pursuant to the equitable power found in Rule 60(b)(6), which is available only if "extraordinary circumstances" exist. *Batts*, 66 F.3d at 747.

Petitioner files his motion for relief judgment because his petition was determined to be time barred and because neither the undersigned nor the District Court considered his claim on the merits. (D.E. 25). However, a 2254 petitioner is not constitutionally entitled to review on the merits of his claims by a federal court. One of the purposes of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA") was to create a one-year statute of limitations for review of state habeas petitions. The Supreme Court has repeatedly upheld the constitutionality of these procedural barriers to the consideration of the merits of a petition. *See Day v. McDonough*, 547 U.S. 198, 205 (2006); *Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Williams v. Taylor*, 529 U.S. 420, 430-37 (2000).

Petitioner offers no grounds to challenge the finding that his claims were time-barred. Limitations began to run from the date his conviction became final, on June 21, 2010, making Petitioner's federal habeas petition due one year later, on June 21, 2011. The statute was never tolled during this time because he did not file his state habeas

petition until after the one-year period had expired. His federal petition was not filed until January 7, 2013, over one and a half years after the deadline had run. There are no grounds for equitable tolling.

The uncontested and unchallenged facts establish that Petitioner's federal habeas corpus petition was time-barred, such that dismissal on procedural grounds was warranted. Petitioner fails to demonstrate that he is entitled to relief from judgment.

## IV. RECOMMENDATION

Accordingly, it is respectfully recommended that Petitioner's Motion for Relief from Judgment (D.E. 25) be DENIED

Respectfully submitted this 26th day of February, 2014.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).